UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>           Plaintiff,<br>   v.<br><br>DISCOVER FINANCIAL SERVICES, a Delaware corporation; DISCOVER BANK, a Delaware chartered bank; DFS SERVICES LLC, a Delaware limited liability company; and DISCOVER PRODUCTS, INC., a Utah corporation,<br><br>           Defendants. | Case Number: 1:08-cv-2187<br><br>Judge David H. Coar<br><br>Magistrate Judge Sidney I. Schenkier |

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, Daniel I. Graham, Jr., representing plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and Samuel Mendenhall, representing defendants Discover Financial Services, Discover Bank, DFS Services LLC, and Discover Products, Inc. (collectively, "Discover"), met telephonically on May 21, 2008 and May 23, 2008 pursuant to Rule 26(f) to discuss:

    (1)    the nature and basis of their claims and defenses;

    (2)    the possibilities for a prompt settlement or resolution of this case;

    (3)    to make or arrange for the disclosures required under rule 26(a)(1); and

    (4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

This is an insurance coverage dispute. At issue are the obligations, if any, that National Union owes to Discover with respect to the patent infringement lawsuit entitled *Phoenix, LLC, et al. v. Chase Manhattan Mortgage Corporation, et al.*, filed in the United States District Court for the Eastern District of Texas, Marshall Division (Civil Action No. 2:07-cv-00387-TJW-CE) (hereinafter the "Phoenix Action"). National Union seeks a declaration that it does not have an obligation to defend or indemnify Discover in the Phoenix Action. Discover seeks a declaration that National Union does have a duty to defend and indemnify Discover in the Phoenix Action.

In order to simplify the issues in this case, it was agreed that the parties would jointly propose to the Court that this insurance coverage action proceed in two phases.

**1.** The first phase ("**Phase One**") will be limited to whether National Union has a duty to defend Discover for the claims brought against Discover in the Phoenix Action. The parties believe that the Phase One issues may be appropriate for resolution through summary judgment. Accordingly, each party intends to seek resolution of the Phase One issues through summary judgment motion practice.

The parties understand and agree that, if the Phase One issues are decided in National Union's favor, National Union will have no duty to defend or indemnify Discover with respect to the Phoenix Action, and entry of judgment in favor of National Union will be appropriate, subject to appeal according to the applicable rules.

If the court deems that the Phase One issues involve genuine issues of material fact, the parties propose that trial of the Phase One issues proceed

consistent with the proposed pre-trial schedule as set forth in the corresponding Proposed Scheduling Order.

2. If it is determined at the conclusion of Phase One that a duty to defend exists, then judgment will be entered finding a duty to defend. A second phase ("**Phase Two**") would then follow, addressing National Union's indemnity obligations. A Phase Two pre-trial schedule will be proposed by the parties to address issues at the conclusion of Phase One.

B. **The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:**

Other than the parties agreeing to exchange information consistent with Phase One of the litigation as required by Fed. R. Civ. P. 26(a)(1) by mail on or before July 10, 2008, the parties do not believe modifications to the discovery requirements of the Federal Rule of Civil Procedure or Local Rules should be made in order to expedite discovery at this time.

C. **Discovery will be needed on the following subjects:**

If it is determined at the conclusion of Phase One that a duty to defend exists, then discovery will be needed on whether National Union has a duty to indemnify Discover for the claims brought against Discover in the Phoenix Action.

D. **Discovery should be conducted in phases.**

As discussed above, the parties believe that the issues in this case regarding the duty to defend and indemnify are legal issues that can be best addressed through phasing. The parties are of the view that the duty to defend (Phase One) may be determined as a matter of law through the filing of cross motions for summary judgment.

If Phase One is not dispositive of the case, the parties anticipate further discussion will be necessary to determine additional phasing of the case and the scope of discovery associated with

3

such phasing. In light of the size and complexity of the underlying Phoenix Action, the parties anticipate that discovery in Phase Two of the litigation will be fairly extensive.

E. **Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.**

No. The parties do not anticipate that discovery will be contentious and do not believe discovery should be referred to the Magistrate Judge.

F. **The parties consent/do not consent to this matter being referred to the Magistrate Judge for final disposition**.

The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. **The parties have discussed the possibility of alternative dispute resolution and concluded:**

The parties are not averse to eventually participating in some form of alternative dispute resolution. However, they do not believe such a mechanism would be productive at this stage in the litigation.

H. **The parties have discussed a prompt settlement or other resolution of this matter. The plaintiff has made a written demand of $ _____, and the defendant has offered $ _____.**

The parties have spoken several times concerning the issue of settlement. The parties are in the process of exchanging information that may be relevant to future settlement discussions.

I. **The Court should consider the following methods of expediting the resolution of this matter:**

Short of entertaining motion practice on Phase One issues, the parties do not believe there are other methods the Court should consider to expedite the resolution of this matter

4

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | DISCOVER FINANCIAL SERVICES, DISCOVER BANK, DFS SERVICES LLC, and DISCOVER PRODUCTS, INC. |
| By:  s/Daniel I. Graham, Jr.        One of Its Attorneys | By:     s/Samuel Mendenhall        One of Their Attorneys |
| Richard H. Nicolaides, Jr. (No. 6207460)<br>Matthew J. Fink (No. 6201197)<br>Daniel I. Graham, Jr. (No. 6272308)<br>BATES & CAREY LLP<br>191 North Wacker - Suite 2400<br>Chicago, Illinois 60606<br>(312) 762-3100 | Kimball R. Anderson (No. 00049980)<br>Samuel Mendenhall (No. 6207315)<br>Giel Stein (No. 6275990)<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive - Suite 4100<br>Chicago, Illinois  60601<br>(312) 558-5600 |

  I hereby attest that I have signed this REPORT OF PARTIES' PLANNING CONFERENCE on behalf of Mr. Mendenhall, one of the attorneys for Discover Financial Services, Discover Bank, DFS Services LLC, and Discover Products, Inc., with his consent and that this attestation is executed this 19th day of June 2008, at Chicago, Illinois.

            By:  s/Daniel I. Graham, Jr.
              Daniel I. Graham, Jr.

            One of the attorneys for
            NATIONAL UNION FIRE INSURANCE
            COMPANY OF PITTSBURGH, PA

            BATES & CAREY LLP
            191 North Wacker - Suite 2400
            Chicago, Illinois 60606
            (312) 762-3100

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, a ) <br> Pennsylvania corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DISCOVER FINANCIAL SERVICES, ) <br> a Delaware corporation; DISCOVER ) <br> BANK, a Delaware chartered bank; ) <br> DFS SERVICES LLC, a Delaware limited liability ) <br> company; and DISCOVER PRODUCTS, INC., ) <br> a Utah corporation, ) <br> ) <br> Defendants. ) | Case Number: 1:08-cv-2187 <br><br> Judge David H. Coar <br><br> Magistrate Judge Sidney I. Schenkier |

## NOTICE OF FILING

**TO:**   Kimball R. Anderson
Samuel Mendenhall
Giel Stein
WINSTON & STRAWN LLP
35 West Wacker Drive - Suite 4100
Chicago, Illinois  60601

PLEASE TAKE NOTICE that on June 19 2008, we electronically filed the **Report of Parties' Planning Conference,** a copy of which is attached hereto and served upon you.

## CERTIFICATE OF SERVICE

I, Daniel I. Graham, Jr., an attorney, certify that I caused the above-named document to be served upon you by depositing the same in the U.S. Mail, First Class, with postage pre-paid from 191 North Wacker Drive, Chicago, IL 60606 before 5:00 p.m. on June 19, 2008.  This document was electronically filed on June 19, 2008.

Date:  June 19, 2008

Richard H. Nicolaides, Jr.
Mathew J. Fink
Daniel I. Graham, Jr.
BATES & CAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
Tel:  (312) 762-3100
Fax:  (312) 762-3200

By:     s/Daniel I. Graham, Jr            .
One of the Attorneys for National Union Fire
Insurance Company of Pittsburgh, PA

258796v1 / 7378