### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, )<br><br>Plaintiff, )<br>v. )<br>)<br>DISCOVER FINANCIAL SERVICES, )<br>a Delaware corporation; DISCOVER )<br>BANK, a Delaware chartered bank; )<br>DFS SERVICES LLC, a Delaware limited liability )<br>company; and DISCOVER PRODUCTS, INC., )<br>a Utah corporation, )<br>)<br>Defendants. ) | Case Number: 1:08-cv-2187<br><br>Judge David H. Coar<br><br>Magistrate Judge Sidney I. Schenkier |

### AMENDED REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's order, Daniel I. Graham, Jr., representing plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and Samuel Mendenhall, representing defendants Discover Financial Services, Discover Bank, DFS Services LLC, and Discover Products, Inc. (collectively, "Discover"), met telephonically on May 21, 2008 and May 23, 2008 pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibilities for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under rule 26(a)(1); and

(4) to develop a discovery plan.

Thereafter, the parties submitted a Proposed Scheduling Order ("Phase I") and Report of Parties Planning Conference on June 19, 2008 reflecting these discussions.

**Pursuant to this Court's July 24, 2008 order, the parties have reconvened and hereby submit this Amended Report of Parties Planning Conference, filed contemporaneously with their Amended Proposed Scheduling Order:**

A.  **The issues in this case may be simplified by taking the following steps:**

This is an insurance coverage dispute. At issue are the obligations, if any, that National Union owes to Discover with respect to the patent infringement lawsuit entitled *Phoenix, LLC, et al. v. Chase Manhattan Mortgage Corporation, et al.*, filed in the United States District Court for the Eastern District of Texas, Marshall Division (Civil Action No. 2:07-cv-00387-TJW-CE) (hereinafter the "Phoenix Action"). National Union seeks a declaration that it does not have an obligation to defend or indemnify Discover in the Phoenix Action. Discover seeks a declaration that National Union does have a duty to defend and indemnify Discover in the Phoenix Action.

In order to simplify the issues in this case, it was agreed that the parties would jointly propose to the Court that this insurance coverage action proceed in two steps.

   1.   The first step ("**Step One**") will be limited to whether National Union has a duty to defend Discover for the claims brought against Discover in the Phoenix Action. The parties believe that the Step One issues may be appropriate for resolution through summary judgment. Accordingly, each party intends to seek resolution of the Step One issues through summary judgment motion practice in a manner discussed in the parties' Amended Proposed Scheduling Order.

        The parties understand and agree that, if the Step One issues are decided in National Union's favor, National Union will have no duty to defend or indemnify Discover with respect to the Phoenix Action, and entry of judgment in favor of

2

> National Union will be appropriate, subject to appeal according to the applicable rules.
>
> 2.   If it is determined at the conclusion of Step One that a duty to defend exists, then judgment will be entered finding a duty to defend. A second step ("**Step Two**") addressing National Union's indemnity obligations would then follow. The parties have set forth in their corresponding Amended Proposed Scheduling Order a proposed pre-trial schedule for this coverage action. Because National Union's indemnity obligations, if any, are dependent upon the outcome of the Phoenix Action, however, the pace of the Phoenix Action could impact the parties' ability to litigate the duty to indemnify in this coverage action. Consequently, it may be necessary for the parties to seek modification of the proposed pre-trial schedule in the future. The parties intend to keep the Court fully advised of developments in the Phoenix Action, and whether those developments potentially impact the parties' ability to litigate the duty to indemnify.

**B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:**

The parties do not believe modifications to the discovery requirements of the Federal Rule of Civil Procedure or Local Rules should be made in order to expedite discovery at this time.

**C.    Discovery will be needed on the following subjects:**

If it is determined at the conclusion of Step One that a duty to defend exists, Step Two of this coverage action will address whether National Union has a duty to indemnify Discover in the Phoenix Action. This determination will involve discovery concerning the nature of any

3

judgment or settlement that resolves the Phoenix Action, the nature and timing of Discover's allegedly infringing conduct, whether Discover's allegedly infringing conduct was committed during the policy period(s) of one or more of National Union's policies under which Discover seeks indemnification for the Phoenix Action, and whether the Retained Limit(s) underlying the insurance policy(ies) under which Discover seeks indemnification from National Union for the Phoenix Action is/are exhausted.

**D.  Discovery should be conducted in phases.**

The parties do not believe it is necessary to conduct discovery in phases.

**E.  Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.**

No.  The parties do not anticipate that discovery will be contentious and do not believe discovery should be referred to the Magistrate Judge.

**F.  The parties consent/do not consent to this matter being referred to the Magistrate Judge for final disposition**.

The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

**G.  The parties have discussed the possibility of alternative dispute resolution and concluded:**

The parties are not averse to eventually participating in some form of alternative dispute resolution.  However, they do not believe such a mechanism would be productive at this stage in the litigation.

**H.  The parties have discussed a prompt settlement or other resolution of this matter. The plaintiff has made a written demand of $ _____, and the defendant has offered $ _____.**

National Union initiated this declaratory judgment action as to its rights and obligations, if any, under certain insurance policies in response to Discover's demand that National Union

4

defend and indemnify Discover in the Phoenix Action under those policies.  Discover has since made a settlement demand to resolve its defense and indemnity demands against National Union.  National Union intends to respond to Discover's demand in the very near future.

I.     **The Court should consider the following methods of expediting the resolution of this matter:**

Short of entertaining motion practice on Step One issues, the parties do not believe there are other methods the Court should consider to expedite the resolution of this matter

| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | DISCOVER FINANCIAL SERVICES, DISCOVER BANK, DFS SERVICES LLC, and DISCOVER PRODUCTS, INC. |
|---|---|
| By: _____s/Daniel I. Graham, Jr._____<br>      One of Its Attorneys | By: _____/S Giel Stein_____<br>      One of Their Attorneys |
| Richard H. Nicolaides, Jr.<br>Matthew J. Fink<br>Daniel I. Graham, Jr.<br>BATES & CAREY LLP<br>191 North Wacker - Suite 2400<br>Chicago, Illinois 60606<br>(312) 762-3100 | Kimball R. Anderson<br>Samuel Mendenhall<br>Giel Stein<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive - Suite 4100<br>Chicago, Illinois 60601<br>(312) 558-5600 |

262069 / 7378