IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation ) ) ) ) Plaintiff-Counterdefendant, ) ) v. ) ) DISCOVER FINANCIAL SERVICES, a Delaware Corporation; DISCOVER BANK, a Delaware chartered bank; DFS SERVICES LLC, a Delaware limited liability company; and DISCOVER PRODUCTS, INC., a Utah corporation, ) ) ) ) ) ) ) Defendants-Counterclaimants. ) | Case No.: 1:08-cv-02187<br><br>Judge David H. Coar<br>Magistrate Judge Sidney I. Scheniker |

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's
MOTION FOR SUMMARY JUDGMENT**

Plaintiff-Counterdefendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure to grant National Union summary judgment against Defendants-Counterclaimants (collectively "Discover") and find that National Union has no duty to defend Discover in the lawsuit styled as *Phoenix, LLC, et al. v. Chase Manhattan Mortgage Corporation, et al.,* filed in the U.S.D.C., E.D. Texas, Marshall Division (Civil Action No. 2:07-cv-00387-TJW-CE) (the "Phoenix Action"). In support of its Motion, National Union states as follows:

1. This is an insurance coverage dispute. At issue is whether National Union has a duty under its Advertising Injury coverage to defend Discover in the Phoenix Action.

2. Under the terms of the relevant umbrella policies, a duty to defend under the Advertising Injury coverage is not triggered unless, among other things: (1) the underlying

lawsuit involves an enumerated Advertising Injury offense; (2) the lawsuit involves an insured's advertising activities; and (3) the insured's advertising activities were the sole cause of the underlying injury.

3.  The Phoenix Action does not trigger a defense under the Advertising Injury coverage of the relevant umbrella policies because these requisite elements are not satisfied.

4.  First, the Phoenix Action does not seek damages for injury as the result of a specifically enumerated Advertising Injury offense. Patent infringement is not one of the enumerated offenses, and it does not otherwise fall within the scope of any of the enumerated Advertising Injury offenses. On the contrary, Illinois courts have overwhelmingly held that patent infringement claims do not trigger an insurer's duty to defend under a liability policy's "advertising injury" coverage.

5.  Second, the Phoenix Action does not involve Discover's advertising activities. Under Illinois law, for purposes of "advertising injury" coverage, courts have found "advertising activities" to mean the widespread distribution of promotional materials to the public at large. Phoenix's patented technology does not facilitate a widespread distribution of promotional material directed to the public at large; instead, it facilitates a customer-specific communication narrowly designed to target the interests of a potential customer. Consequently, the use of such technology does not constitute advertising for insurance coverage purposes.

6.  Third, Phoenix's alleged injury does not "solely" arise out of Discover's "advertising activities," which requires nothing less than a showing that the insured's advertising was the "sole cause" of the alleged injury. Here, the alleged patent infringement was caused by Discover's use of the patented technology without a license, not by Discover's advertising activities.

For these reasons, and as stated more fully in National Union's Memorandum of Law in Support of its Motion for Summary Judgment, National Union respectfully submits that it is entitled to summary judgment and a declaration, as a matter of law, that it does not have a duty to defend Discover in the Phoenix Action.

WHEREFORE, National Union respectfully requests that this Honorable Court grant National Union's Motion for Summary Judgment, and award National Union such other and further relief, both at law and in equity, to which it may show itself to be so entitled.

DATED:  September 8, 2008               NATIONAL UNION FIRE INSURANCE
                                        COMPANY OF PITTSBURGH, PA

                                        By:   s/Richard H. Nicolaides, Jr.
                                                 One of Its Attorneys

Richard H. Nicolaides, Jr.
Daniel I. Graham, Jr.
Bates & Carey LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
312-762-3213 (office)
312-762-3200 (fax)


266033 / 7378